```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

  CHARLESETTA O'NEAL BEY,

                 Appellant,              MEMORANDUM & ORDER
                                          20-CV-4060(EK)
          -against-

  MARIANNE DEROSA,

                 Appellee.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Before the Court is *pro se* appellant Charlesetta O'Neal Bey's letter seeking to "vacate void order[] and recuse." ECF No. 26.  I construe the letter as a motion for two forms of relief: first, for reconsideration of my order dismissing her appeal of the bankruptcy court's decision dated August 19, 2020; and second, to disqualify me from continuing to preside over this case.  For the reasons set forth below, these requests are both denied.

Bankruptcy Judge Elizabeth Strong dismissed Appellant's Chapter 13 case following her failure to file a written opposition to the trustee's motion to dismiss, among other things.  ECF No. 1-2.  Appellant appealed that decision to this Court, but did not pay the required filing fee.  I advised Appellant to fill out an *in forma pauperis* application or pay the filing fee, and warned that her appeal would otherwise be

dismissed.  Order dated June 29, 2021.  Appellant did neither of those things, and I dismissed the case.  Order dated August 17, 2021.

## I. Discussion

### A. Motion for Reconsideration

Rule 60(b) allows the Court to relieve a party from a final judgment in certain circumstances — for example, if the judgment was procured by fraud, or if new evidence has surfaced that could not have been discovered earlier with reasonable diligence.  However, since Rule 60(b) "allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances."  *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986); *see also Ruotolo v. City of New York,* 514 F.3d 184, 191 (2d Cir. 2008) (Rule 60(b) is "a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances" (cleaned up)).  Thus, "[a] Rule 60(b) motion is properly denied where it seeks only to relitigate issues already decided."  *Maldonado v. Local 803 I.B. of Tr. Health & Welfare Fund*, 490 F. App'x 405, 406 (2d Cir. 2013) (citing *Zerman v. Jacobs*, 751 F.2d 82, 85 (2d Cir. 1984)).

Appellant makes no non-frivolous argument in support of reopening her case.  She states that the Court's order should be vacated "for lack of ratification of commencement, no proof of a contract, no proper service, no proof of proper summons /

2

subpoena service, no legal evidence of a claim / debt provided." ECF No. 26 at 1. She also asserts that the requirement to file an application to proceed *in forma pauperis* is "an instrument to deny due process of Law and my right to free access to the Courts." *Id.* at 13. These arguments are without merit. *See Ortwein v. Schwab*, 410 U.S. 656 (1973) (filing fee assessed to indigent appellant did not violate Due Process Clause); *United States v. Kras*, 409 U.S. 434 (1973) (filing fee assessed to indigent debtor seeking bankruptcy discharge did not violate Due Process Clause). The motion for reconsideration is denied.

**B.  Motion for Disqualification or Recusal**

Appellant also seeks to disqualify me, alleging a litany of purportedly criminal behavior — for example, corruption, criminal concealment of evidence, and conspiracy to defraud, among other things. ECF No. 26 at 1. She offers no specifics, however, in support of these allegations.

"A federal judge must recuse herself in any proceeding where her 'impartiality might reasonably be questioned'" or "where the judge 'has a personal bias or prejudice concerning a party.'" *United States v. Morrison*, 153 F.3d 34, 48 (2d Cir. 1998) (quoting 28 U.S.C. § 455(a), (b)(1)). The need for recusal arises when "an objective, disinterested observer fully informed of the underlying facts" would "entertain significant doubt that justice would be done absent recusal." *United States*

3

*v. Amico*, 486 F.3d 764, 775 (2d Cir. 2007). Nevertheless, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Appellant has alleged no actual facts suggesting an appearance of bias or prejudice and identified no other valid basis for disqualification. The motion is therefore denied. *See, e.g.*, *El-Bey v. Anna M. Kross Correction Facility*, No. 13-CV-1213, 2013 WL 3805672, at *1-2 (E.D.N.Y. July 17, 2013) (dismissing plaintiff's conclusory recusal motion as meritless).

## II. Conclusion

Appellant's motion for reconsideration and to disqualify the undersigned is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated: December 15, 2021
Brooklyn, New York

4