```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

In re CHARLESETTA O'NEAL,

                Debtor.                    MEMORANDUM & ORDER
                                             20-CV-4060(EK)
CHARLESETTA O'NEAL,

                Appellant,

         -against-

MARIANNE DEROSA,

                Appellee.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

*Pro se* appellant Charlesetta O'Neal has filed a "Motion for Void Judgment" seeking "Relief from Judgment/Order." ECF No. 28. Because O'Neal cites Federal Rule of Civil Procedure 60(b), I construe the filing as a second motion for reconsideration. For the reasons set forth below, that motion is denied.

## I. Background

Bankruptcy Judge Elizabeth Strong dismissed O'Neal's Chapter 13 case following her failure to file a written opposition to the trustee's motion to dismiss, among other reasons. Order Dismissing Case, ECF No. 1-2. O'Neal appealed that decision to this Court but did not pay the required filing fee. I advised Appellant to complete an *in forma pauperis*

application or pay the filing fee, and warned that her appeal would otherwise be dismissed.  Order Dated June 29, 2021.  Appellant did neither of those things, and I dismissed the case.  Order Dated August 17, 2021.

O'Neal then filed a letter seeking to "vacate void order[] and recuse."  ECF No. 26.  I construed the letter as a motion (1) for reconsideration of my order dismissing her appeal of the Bankruptcy Court's decision, and (2) to disqualify me from continuing to preside over this case; in an order dated December 15, 2021, I denied those requests.  Memorandum & Order, ECF No. 27.

## II.  Discussion

Because Rule 60(b) "allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances."  *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986); *see also Ruotolo v. City of New York,* 514 F.3d 184, 191 (2d Cir. 2008) (Rule 60(b) is "a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances").[1]

As with her first motion for reconsideration, O'Neal makes no non-frivolous argument in support of reopening her

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

case.  Rather, she alleges that she is a "Moorish American National[]" and proffers various sovereign-citizen-type arguments common to litigants who so identify.  Mot. to Void Judgment ¶¶ 1, 16–27.  Such arguments have been rejected by numerous federal courts.  *See Bey v. Brown*, No. 21-CV-1072, 2021 WL 3836818, at *2–3 (D. Conn. Aug. 24, 2021) (collecting cases).  As the Second Circuit has explained, "[t]he sovereign citizens are a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior."  *United States v. Ulloa*, 511 F. App'x 105, n.1 (2d Cir. 2013).  They seek to "delay proceedings" by "raising numerous — often frivolous — arguments, many alleging that the Courts or the Constitution lack any authority whatsoever."  *United States v. McLaughlin*, 949 F.3d 780, 781 (2d Cir. 2019).

Here, for instance, O'Neal states that the Court's order should be vacated because the Court lacks jurisdiction for various reasons, such as that the Order was "made by a kangaroo non-jury trial" and was "un-signed with no signature" by the Court.  Mot. to Void Judgment ¶¶ 16–27.  These arguments are without merit.  *See* 28 U.S.C. § 158(a) (no jury trial in a bankruptcy appeal); Memorandum & Order (signed by the undersigned).  Moreover, to the extent O'Neal claims this Court has no subject-matter jurisdiction over the case, *see* Mot. to

3

Void Judgment ¶ 27, dismissal is the appropriate remedy. *See, e.g.*, *Sam & Mary Hous. Corp. v. New York State*, 632 F. Supp. 1448, 1452 (S.D.N.Y. 1986).

O'Neal also avers that this Court is a corporation or a foreign agent or that the Court has not produced a "valid binding and legitimate oath of office." Mot. to Void Judgment ¶ 28; Judicial Notice Mem. 3-6, ECF No. 28-1. These arguments are also frivolous. *See United States v. Conces,* 507 F.3d 1028, 1041 (6th Cir. 2007) (federal law does not require "that a district judge demonstrate to the satisfaction of a litigant in a particular case that he or she has taken the oath"); *Miller v. Doe*, No. 20-CV-930, 2020 WL 4616322, at *3 (E.D.N.Y. July 23, 2020) (similar "allegations of that of a sovereign citizen" may be "dismissed as frivolous").

Finally, O'Neal has filed what purports to be an *in forma pauperis* application; however, she either crosses out, does not answer, or writes "SEE ATATCHMENT" in response to each question. Application to Proceed in District Court Without Prepaying Fees or Costs 1-2, ECF No. 28-2. She attaches a "Motion in the Form of Affidavit to Proceed in Forma Pauperis," ECF No. 28-3, but alleges that she has no assets because she has "no gold or silver." *Id.* ¶ 6. Such an affidavit fails to satisfy the requirements of 28 U.S.C. § 1915. *See Brown*, 2021 WL 3836818, at *2-3; *see also El Ameen Bey v. Stumpf*, 825 F.

Supp. 2d 537, 551 (D.N.J. 2011) ("The . . . 'averment' that Plaintiffs possess no 'gold or silver coins' changes nothing for the purposes of [an *in forma pauperis*] analysis, since such fact, even if true, does not indicate that Plaintiffs do not have assets within the meaning of Section 1915(a).").

### III.  Conclusion

For these reasons, O'Neal's motion is denied.  O'Neal is warned that continued filing of similar submissions will result in an order directing the Clerk of Court not to accept any letters or motions, other than a notice of appeal, under this docket number.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, therefore, *in forma pauperis* status is denied for the purpose of any appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

    /s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:   August 31, 2022
         Brooklyn, New York